**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.      1:18-cv-02165-RM-NRN

JORDAN WEST COMPANIES LTD,
d/b/a US MORTGAGES,
a Colorado Limited Liability Company,

      Plaintiff,

v.

NATIVE RANK, INC., a Colorado corporation

      Defendant.

---

## DEFENDANT NATIVE RANK, INC'S ANSWER AND JURY DEMAND

---

Defendant Native Rank, Inc. ("Defendant"), by and through its attorney, answers Plaintiff's Complaint and Jury Demand as follows:

### PREAMBLE

To the extent headings and subheadings in the Complaint are intended to constitute factual allegations, Defendant denies the allegations insofar as they refer to or relate to Defendant and are not otherwise expressly admitted herein.

### I.   PARTIES

1.    Admits.

2.    Admits.

## II.  JURISDICTION AND VENUE

3.      Admits.

4.      Admits.

## III.  GENERAL ALLEGATIONS

5.      Without knowledge or information sufficient to admit or deny.

6.      Native Rank admits it is a full-service digital agency delivering complete digital marketing and advertising solutions for businesses of all sizes but denies the remaining allegations contained in paragraph 6 of the Complaint.

7.      Admits.

8.      Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 8 that is inconsistent with the language and the terms of the same.

9.      Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 9 that is inconsistent with the language and the terms of the same.

10.     Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 10 that is inconsistent with the language and the terms of the same.

11.     Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 11 that is inconsistent with the language and the terms of the same.

12.     Denies.

13.     Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 13 that is inconsistent with the language and the terms of the same.

14.     Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 14 that is inconsistent with the language and the terms of the same.

15.     Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 15 that is inconsistent with the language and the terms of the same.

16.     Admits that the Digital Agreement was entered into but denies any allegation contained in paragraph 16 that is inconsistent with the language and the terms of the same.

17.     Admits.

18.     Admits that a Paid Search Agreement was entered into but denies any allegation contained in paragraph 18 that is inconsistent with the language and the terms of the same.

19.     Admits that a Paid Search Agreement was entered into but denies any allegation contained in paragraph 19 that is inconsistent with the language and the terms of the same.

20.     Admits that a Paid Search Agreement was entered into but denies any allegation contained in paragraph 20 that is inconsistent with the language and the terms of the same.

21.     Admits that a Paid Search Agreement was entered into but denies any allegation contained in paragraph 21 that is inconsistent with the language and the terms of the same.

22.     Denies.

23.     Denies.

24.     Denies.

## FIRST CLAIM FOR RELIEF
### (Breach of the Digital Agreement)

25.     In response to paragraph 25 of the Complaint, Native Rank incorporates its previous responses.

26.     Denies.

27.     Denies.

28.     Denies.

29.     Denies.

30.     Denies.

31.     Denies

32.     Denies.

33.     Denies.

34.     Denies.

35.     Denies.

36.     Denies.

## SECOND CLAIM FOR RELIEF
**(Breach of the Paid Search Agreement)**

37.     In response to paragraph 37 of the Complaint Native Rank incorporates its previous responses.

38.     Denies.

39.     Denies.

40.     Denies.

41.     Denies.

42.     Denies.

43.     Denies.

## THIRD CLAIM FOR RELIEF
**(Libel Per Se)**

44.     In response to paragraph 44 of the Complaint Native Rank incorporates its previous responses.

45.     Denies.

46.     Without knowledge or information sufficient to admit or deny.

47.     Denies.

48.     Denies.

49.     Denies.

50.     Denies.

51.     Denies.

**FOURTH CLAIM FOR RELIEF**
**(Interference with Prospective Business Relations)**

52.    In response to paragraph 52 of the Complaint Native Rank incorporates its previous responses.

53.    Denies.

54.    Denies.

55.    Denies.

56.    Denies.

57.    Denies.

58.    Denies.

59.    Native Rank denies any interference or willful and malicious acts.

**FIFTH CLAIM FOR RELIEF**
**(Violation of the Colorado Consumer Protection Act)**

60.    In response to paragraph 60 of the Complaint Native Rank incorporates its previous responses.

61.    Paragraph 61 constitutes US Mortgages legal characterization to which no factual response is required.  To the extent a response is required, Native Rank denies.

62.    Denies.

63     Denies.

64.    Denies.

65.    Denies.

66.    Denies.

**SIXTH CLAIM FOR RELIEF**
**(Trade Disparagement under the Statutory Laws of the United States)**

67.    In response to paragraph 67 of the Complaint Native Rank incorporates its previous responses.

68.    Paragraph 68 constitutes US Mortgages legal characterization to which no factual response is required.  To the extent a response is required, Native Rank denies.

69.    Denies.

70.    Denies.

71.    Denies.

72.    Native Rank denies any actions of trade disparagement or that any acts were willful or malicious.

## GENERAL DENIAL

Each allegation of the Complaint not expressly admitted is herein denies. Defendants demand a jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff has sued the wrong party.

3.      Plaintiff's recovery and/or damages are precluded or limited due to the comparative fault of third parties.

4.      Plaintiff's recovery and/or damages are precluded or limited due to Plaintiff's failure to mitigate.

5.      Plaintiff's claims are subject to, and limited by, the terms and conditions of the agreements between the parties.

6.      Plaintiff's claims are barred by the doctrine of substantial truth.

7.      Plaintiff's claims are barred by release, ratification and waiver.

8.      Plaintiff's claims are barred for failure to meet or comply with one or more conditions precedent in the agreements between the parties.

9.      Plaintiff are barred by the doctrine of estoppel or consent.

10.     Native Rank respectfully reserves the right to amend its affirmative defenses as discovery is undertaken.

## JURY DEMAND

Native Rank demands a jury on all issues so triable.

WHEREFORE, Native Rank denies that Plaintiff is entitled to any relief whatsoever and respectfully request that judgment enter in their favor dismissing Plaintiff's Claims against Native Rank with prejudice and awarding costs, expert fees, and attorneys' fees, as provided in agreements between the parties and as may further be provided by law or equity. Native Rank requests such further relief as the Court deems appropriate.

Respectfully submitted this 30th day of August, 2018.

Shoemaker Ghiselli + Schwartz, LLC

/s/ Liza Getches
Elizabeth H. Getches
Vanya P. Akraboff
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO  80302
Telephone:  (303) 530-3452
FAX:  (303) 530-4071
Email: lgetches @sgslitigation.com
Email: vakraboff@sgslitigation.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 30th day of August, 2018, a true and accurate copy of the foregoing **DEFENDANT NATIVE RANK, INC'S ANSWER AND JURY DEMAND** was filed and served via ECF on all parties of record.

_/s/  Alanna Moore_